UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:07-CR-370 |
| | § | |
| JAVIER BOTELLO-GARCIA | § | |

**MEMORANDUM AND ORDER**

This case is before the court on Javier Botello-Garcia's petition for a writ of *audita querela* and the United States' motion to dismiss. For the reasons discussed below, Botello-Garcia's petition is denied.

**I.      Background**

In 2007, Botello-Garcia pled guilty to a charge of conspiracy to possess with intent to distribute more than 100 kilograms of marijuana. The Court considered Botello-Garcia's possession of a gun during the commission of the drug trafficking crime as a factor in determining sentence. The Court sentenced Botello-Garcia to 188 months imprisonment. The Fifth Circuit dismissed Botello-Garcia's appeal. *United States v. Botello-Garcia*, 326 Fed. App'x 833 (5th Cir.), *cert. denied*, 540 U.S. 903 (2009)  Botello-Garcia filed this petition for a writ of *audita querela* on February 22, 2013.

**II.      Analysis**

   A.      *Audita Querela*

A writ of *audita querela* is

> a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.

BLACK'S LAW DICTIONARY 131 (6th ed. 1990). "It is an open question whether the obsolescent writ survives as a post-conviction remedy." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993).

In *United States v. Reyes*, 945 F.2d 862 (5th Cir. 1991), the Fifth Circuit noted the definition of this writ, and observed that "*audita querela* [is] a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id.* at 863 n.1.  When a post-judgment motion or petition seeks what is essentially habeas corpus relief, the motion or petition should be treated as a petition for a writ of habeas corpus. *Williams v. Whitley*, 994 F.2d 226, 230 n.2 (5th Cir. 1993).

Botello-Garcia's petition asserts that his sentence was improperly enhanced based on his possession of a firearm during the drug trafficking offense, that it was unconstitutional for the Court to enhance the sentence based on Botello-Garcia's possession of the firearm because no fact finder found beyond a reasonable doubt that Botello-Garcia possessed the firearm during the commission of the crime, and that his sentence is unjust because it is longer than those handed to his co-conspirators. All of these are claims that could have been brought in a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255.  Therefore, because the relief Botello-Garcia seeks is available in habeas corpus, the writ of *audita querela* is not available to him.  This petition will instead be construed as a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255.

B.      Statute of Limitations

A motion under 28 U.S.C. § 2255 is governed by a one year statute of limitations.  In this case, the limitations period runs from date on which the judgment of conviction became final.  *See* 28 U.S.C. § 2255(f).  The Fifth Circuit dismissed Botello-Garcia's appeal on June 19, 2009.  *See United States v. Botello-Garcia*, 326 Fed. App'x 833 (5th Cir. 2009).  Botello-Garcia then had 90 days in which to seek review in the Supreme Court.  *See* S.Ct. R. 13.1.  He did not do so.  The time for pursuing direct review of his conviction thus ended on September 17, 2009, and the statute of limitations began to run on that date, and expired on September 17, 2010.  Botello-Garcia filed his motion on February 15, 2013.  Thus, even if this petition is construed as a motion to vacate, correct, or set aside the sentence, it is barred by the statute of limitations.

C.      Certificate of Appealability

Botello-Garcia has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve

encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Botello-Garcia's 2255 motion is barred by the statute of limitations, he is not entitled to seek a writ of *audita querela,* and that these conclusions are not debatable among jurists of reason. This Court concludes that Botello-Garcia is not entitled to a certificate of appealability.

### III. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

1. The United States' motion to dismiss (Doc. # 93) is GRANTED;

2. Javier Botello-Garcia's motion to vacate, set aside, or correct sentence (Doc. # 85) is DENIED; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 27th day of May, 2014.

_____
Kenneth M. Hoyt
United States District Judge